Plaintiff(s)
_____

Kevin M. Jones
(pp # 938114)
Curran-Fromhold Correctional Facility
7901 State Road
Philadelphia, Pennsylvania 19136


Jamil Smith
(pp # 794784)
Curran-Fromhold Correctional Facility
7901 State Road
Philadelphia, Pennsylvania 19136


Please find enclosed:
    (1) ~~Copy(s)~~ Original 1983 Civil Rights Complaint
    (2) Copy(s) of grievances


Please accept the enclosed filing as handwritten.
Please accept the enclosed filing without the
    official form - we have no access to the
    Law Library or legal services
Please send the amount of the filing fees to
    plaintiff - Kevin Jones - at the above address.
    The amount will be paid by check.

Thank you for your assistance

                             Kevin M. Jones

UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

Plaintiff(s)                                    )        Case No _____
KEVIN M. JONES                                  )
JAMIL SMITH                                     )
                                                )
                                                )
V.                                              )
                                                )
Defendant(s)                                    )
CITY OF PHILADELPHIA;                           )
LOCAL 159 AFSCME DISTRICT                        )
COUNCIL 33;                                      )
DAVID ROBINSON, in his official                  )
capacity as president of                        )
Local 159 AFSCME DISTRICT                        )
Council 33;                                      )
Commissioner BLANCHE                             )
CARNEY;                                          )
WARDEN GIONETTA;                                 )
LIEUTENANT CHEEKS                               )
LIEUTENANT MURRAY                               )
CORRECTIONAL OFFICER YESA                        )
CORRECTIONAL OFFICER BRADLEY                      )
CORRECTIONAL OFFICER MILTON                      )
CORRECTIONAL OFFICER WILLIAMS                     )
CORRECTIONAL OFFICER SHINN                        )
CORRECTIONAL OFFICER HARRIS                       )
CORRECTIONAL OFFICER JOY                          )
CORRECTIONAL OFFICER CURRY                        )

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

## I. Parties to this Complaint

A. Plaintiff(s)

KEVIN M. JONES
Prison Photo Identification Number: 938114
Current Institution: Philadelphia Department of Prisons
                     Curran-Fromhold Correctional Facility
Address: 7901 State Road
         Philadelphia, Pennsylvania 19136

JAMIL SMITH
Prison Photo Identification Number: 794784
Current Institution: Philadelphia Department of Prisons
                     Curran-Fromhold Correctional Facility
Address: 7901 State Road
         Philadelphia, Pennsylvania 19136

B. The Defendant(s)

Defendant No 1
Name: CITY OF PHILADELPHIA
Address: City Hall
         Philadelphia, Pennsylvania
         ✓ official capacity

Defendant No. 2
Name: LOCAL 159 AFSCME DISTRICT COUNCIL 33
Address: Unknown
         Philadelphia, Pennsylvania
         ✓ official capacity

Defendant No. 3
Name: DAVID ROBINSON
Job or Title: President of the Local 159 AFSCME
              District Council 33
Address: Unknown
         Philadelphia, Pennsylvania
         ✓ official capacity        ✓ individual capacity

Defendant No. 4
Name: BLANCHE CARNEY
Job or Title: Commissioner of the Philadelphia
Department of Prisons
Address: 7901 State Road
Philadelphia, Pennsylvania 19136
✓ official capacity          ✓ individual capacity

Defendant No. 5
Name: Ms. Gionetta
Job or Title: Warden of Curran-Fromhold Correctional
Facility
Employer: Philadelphia Department of Prisons
Address: 7901 State Road
Philadelphia, Pennsylvania 19136
✓ official capacity          ✓ individual capacity

Defendant No. 6
Name: Ms. Cheeks
Job or Title: Lieutenant of Curran-Fromhold Correctional
Facility
Employer: Philadelphia Department of Prisons
Address: 7901 State Road
Philadelphia, Pennsylvania 19136
✓ official capacity          ✓ individual capacity

Defendant No. 7
Name: Mr. Murray
Job or Title: Lieutenant of Curran-Fromhold Correctional
Facility
Employer: Philadelphia Department of Prisons
Address: 7901 State Road
Philadelphia, Pennsylvania 19136
✓ official capacity          ✓ individual capacity

Defendant No. 8
Name: Mr. Yesa
Job or Title: Correctional Officer at Curran-Fromhold
Correctional Facility
Employer: Philadelphia Department of Prisons
Address: 7901 State Road
Philadelphia, Pennsylvania 19136
✓ official capacity          ✓ individual capacity

3.

Defendant No. 9

Name: Ms Bradley

Job or Title: Correctional Officer at Curran-Fromhold Correctional Facility

Employer: Philadelphia Department of Prisons

Address: 7901 State Road
Philadelphia, Pennsylvania 19136

✓ official capacity          ✓ individual capacity

Defendant No. 10

Name: Ms. Milton

Job or Title: Correctional Officer at Curran-Fromhold Correctional Facility

Employer: Philadelphia Department of Prisons

Address: 7901 State Road
Philadelphia, Pennsylvania 19136

✓ official capacity          ✓ individual capacity

Defendant No. 11

Name: Ms. Williams

Job or Title: Correctional Officer at Riverside Correctional Facility

Employer: Philadelphia Department of Prisons

Address: 8151 State Road
Philadelphia, Pennsylvania 19136

✓ official capacity          ✓ individual capacity

Defendant No. 12

Name: Mr Shinn

Job or Title: Correctional Officer at Riverside Correctional Facility

Employer: Philadelphia Department of Prisons

Address: 8151 State Road
Philadelphia, Pennsylvania 19136

✓ official capacity          ✓ individual capacity

Defendant No. 13

Name: Ms. Harris

Job or Title: Correctional Officer at Riverside Correctional Facility

Employer: Philadelphia Department of Prisons

Address: 8151 State Road
Philadelphia, Pennsylvania 19136

✓ official capacity          ✓ individual capacity

4

Defendant No. 14
Name: Mr. Joy
Job or Title: Correctional Officer at Riverside
                Correctional Facility
Employer: Philadelphia Department of Prisons
Address: 8151 State Road
            Philadelphia, Pennsylvania 19136
      ✓ official capacity          ✓ individual capacity

Defendant No. 15
Name: WANDA CURRY
Job or Title: Correctional Officer at Curran-Fromhold
                Correctional Facility
Employer: Philadelphia Department of Prisons
Address: 7901 State Road
            Philadelphia, Pennsylvania 19136
      ✓ official capacity          ✓ individual capacity

## II.    Basis for Jurisdiction

Plaintiffs bring This suit under 42 U.S.C. §1983. 28 U.S.C. §§2201, 2202.

This court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1343(a) and 28 U.S.C. 1331.

The events giving rise to the claims occurred in the City of Philadelphia, which is located in the Eastern District of Pennsylvania making this court the appropriate venue.

## III    Prisoner Status

At the time when the events occurred giving rise to this suit the plaintiffs, KEVIN M JONES and JAMIL SMITH were pretrial detainees housed within Philadelphia Department of Prisons, and were adults at the time of the original filing of this suit.

## IV    Administrative Remedies

Grievance procedures as outlined in the INMATE HANDBOOK: A complete set of inmate grievance procedures will be available in all housing areas. Restorative and transitional service offices and Law Libraries..." 'All written grievances are confidential. Only the Commissioner of Prisons may authorize the disclosure of your grievance. Place your grievance in the designated locked box on or near your housing area. The contents of the box will be collected each day before noon and will be forwarded to the Deputy Warden for Administration.

Authority for procedure - Inmate handbook. Official procedure not posted on housing areas or in

the prison law Libraries as outlined in the inmate handbook.

Grievance procedures at CFCF, PICC and RCF are not followed and at CFCF the procedures have been completely suspended. To date Plaintiffs have filed numerous unanswered grievances (copies attached) in reference to the substance of this 1983 filing.

KEVIN M JONES and JAMIL SMITH filed the following unanswered grievances:

| | |
|---|---|
| October 29, 2020 CFCF | May 7, 2021 CFCF |
| November 11, 2020 CFCF | May 13, 2021 CFCF |
| November 13, 2020 CFCF | May 22, 2021 COMMISSIONER CARNEY |
| December 15, 2020 CFCF | July 7, 2021 CFCF |
| April 20, 2021 RCF | August 24, 2021 CFCF |
| July 18, 2021 CFCF | August 27, 2021 CFCF |
| July 20, 2021 CFCF | August 30, 2021 CFCF |
| July 28, 2021 CFCF | September 9, 2021 CFCF |
| August 15, 2021 CFCF | February 22, 2022 CFCF |

JAMIL SMITH filed the following unanswered grievances:

| | |
|---|---|
| May 11, 2021 CFCF | October 6, 2021 RCF |
| October 15, 2021 RCF | November 5, 2021 RCF |
| November 12, 2021 RCF | November 21, 2021 RCF |
| November 21, 2021 RCF | November 30, 2021 RCF |
| November 30, 2021 RCF | December 4, 2021 ACF |
| December 15, 2021 RCF | December 17, 2021 RCF |
| December 21, 2021 RCF | December 22, 2021 RCF |
| December 25, 2021 RCF | January 1, 2022 RCF |
| January 4, 2022 RCF | January 16, 2022 CFCF |
| January 18, 2022 CFCF | January 31, 2022 CFCF |
| January 27, 2022 CFCF | February 7, 2022 CFCF |

Despite the submission of grievances by both plaintiffs KEVIN M. JONES and JAMIL SMITH, the administration of Philadelphia Department of Prisons have failed to respond. Grievance boxes on most

housing areas remain filled past capacity.

The lack of a grievance procedure and PDP's refusal to accept, review, collect or respond to grievances has led to critical unresolved problems faced by the plaintiffs and other pretrial detainees within PDP. The administration and correctional officers believe that by dismanteling the grievance process they are absolved of the responsibility of addressing grievable concerns.

## V.    Statement of Claim

Plaintiff KEVIN M. JONES is a pretrial detainee who was housed within Philadelphia Department of Prisons (PDP) from October 3, 2020 until the original filing of this action. Plaintiff JAMIL SMITH is a pretrial detainee who was housed within PDP from March 10, 2021 until the original filing of this action. PDP is comprised of Curran-Fromhold Correctional Facility (CFCF), Riverside Correctional Facility (RCF), Philadelphia Industrial Correctional Center (PICC) and the Detention Center (DC).

Plaintiffs claim cruel and unusual punishment, acts of extreme cruelty, mental psychological abuse, extreme indifference to human life in the welfare of incarcerated individuals, danger creation, denial of access to the courts and numerous due process violations.

PDP staff and administration for the past 2 years has publicly admitted to extreme staffing concerns and volitile conditions within the jails on State Road. The outcome for 2021 has been 24 deaths in PDP alone; the highest death toll of any prison system in the nation. Although the courts have attempted to address prison conditions within PDP through the case of REMICK v. CITY OF PHILADELPHIA (Case No 20.c.v. 1959) pretrial detainees within PDP have experienced little to no relief.

Plaintiffs distinguish current filing from REMICK in Two (2) respects. (i) Correctional Officers and their union (Local 159 AFSCME District Council 33) play a vital role in the lack of recreation and the staffing concerns that plague PDP and are directly responsible for the unneccessarily restrictive

9

movement in relation to out of cell time. (2) REMICK does not address compensation and damages to plaintiffs as it relates to the lack of out of cell time because of the actions of Correctional Officers and their union, the City of Philadelphia and Commissioner Carney.

Plaintiffs claim a deliberate strategy on the part of correctional officers to create an environment within the prison that is hostile and dangerous as a negotiation tool to further their position on forcing the resignation of Commissioner Carney.

Circa 2014 BLANCHE CARNEY was appointed the first black female commissioner in Philadelphia's prison system history. The backlash from correctional officers was immediate, many officers claiming that because Carney was not from operations she could not run a prison system. Carney is a former prison social worker.

Officers have complained openly to inmates, including Jones, about Commissioner Carney and her policies, which included the instillation of cameras at CFCF, the punishment and termination of officers for acts caught on camera and decreasing of staffing levels.

Amidst an already hostile environment, in March 2020, PDP went into lockdown status in response to the COVID 19 pandemic. The result of lockdown was the cancellation of services such as education, law library, and a complete termination of out of cell/recreation time. Additionally, PDP staff was not providing cleaning materials, toilet paper on a regular basis, razors for shaving and other hygiene related items. It was around this period that grievance procedures were terminated at CFCF, and there became no vehicle for the

10.

voicing of medical concerns.

On June 3, 2020 Judge Berle Schiller of the United States District Court for Eastern District of Pennsylvania approved a Partial Settlement Agreement in REMICK v. CITY OF PHILADELPHIA C.A. No. 20-1959 in an attempt to manage the growing concerns such as phone access, accessability to hygiene items, access to the Law Library, discrimination, the wearing of masks and out of cell time.

In June 2020 the courts began to see problems with the continued constitutional violations of pretrial detainees. These challenges continued through October 2020

## PLAINTIFF - KEVIN M. JONES

In October 2020 JONES became a pretrial detainee in C.F.C.F. JONES immediately began experiencing challenges with acquiring hygiene items and with very little out of cell time. Toilet paper was in such a shortage that he began using bed sheets torn into small squares as toilet paper. JONES submitted over 30 grievances complaining about what was to become extremely dangerous and cruel conditions at the prison, unaddressed medical issues, the lack of contact with family and friends and denial of access to the courts.

In January 2021 while no officer was assigned to his block (C-2-4) Jones who is a cardiac patient began having sharp chest pain and was sweating profusely. His condition continued for over 12 hours before an officer came by. The officer would not call for help and instructed JONES to "drink water".

By January 28, 2021, CFCF was only allowing an hour every couple days 'out of cell' time and eventually none for as long as 15 days, despite

the courts partial settlement agreement. Correctional officers as a matter of practice would sit behind their desks at their computers on the blocks and refuse to run recreation because they complained of not feeling comfortable letting inmates out. Where pre covid procedures of opening up blocks involved opening all cells at once, officers since the pandemic only open as few as 4 cells at a time.

Officers including C.O. YESA would allow block workers (only) out for recreation as an attempt to fulfill the requirements of running recreation. By this period YESA expressed openly to Jones and others that he felt the situation in the jail was too violent to let inmates out. Officer Yesa expressed awareness of the courts mandate of atleast 3 hours 'out of cell' time but still refused to enforce it.

As time dwendled on and frustrations increased the atmosphere did become extremely hostile, dangerous and even deadly. In 2021 PDP policies led to 24 deaths of inmates and most inmates including JONES were in constant fear of their lives.

On several occasions JONES voiced his concerns to Lieutenant Cheeks - the Unit Manager for C-Building. Her reaction was to tell him to tell his family to write the newspapers and that until the commissioner resigned things would not get any better. She expressed that the jail would not be adhering to the court order for 3 hours a day recreation time.

The block rep attempted to organize a grievance campaign - his belief was that if everyone filled out grievances and delivered them to the major, some relief could be found. The result was Lieutenant Cheeks firing the

block rep and calling him a "snitch" in front of a large group of people.

At one point an inmate screamed, yelled and eventually kicked out of his cell. The block had been locked down for well over 2 weeks. Mercifully, Lieutenant Murray allowed the person to remain out. When Jones asked Lieutenant Murray why it takes such dramatics to get recreation, Murray responded. "Yall need to do whatever it takes. Being passive is not going to get you out." Jones took it to mean that Lieutenant Murray and many correctional officers were pushing inmates to riot.

On or around March 28, 2021 Lieutenant Alderman spoke to JONES in reference to the volitile atmosphere at CFCF. She informed JONES that inmates needed to rise up against the unfair treatment, adding "Just don't hurt me." JONES followed this conversation up with a letter to Commissioner Carney. The commissioners office did not respond.

By April 2021 the conditions were so dangerous that guards were serving meals in groups of 30 plus officers. It had been over 2 weeks since inmates were permitted out of their cells and blocks were being flooded with water. On C-2-2 on April 14, 2021 there was almost 3 feet of water collected on the block causing the warden and majors to respond. Throughout the jail system assaults - inmates on inmates - inmates and guards - were at a fever pitch.

Jones maintains his claim that the volitile atmosphere in CFCF at the time was manufactured in order to further the interests of correctional officers.

In April 2021 JONES began having nightmares where he was being attacked and as a result he would wake up kicking the wall or throwing

himself out of the bed. He sustained multiple injuries as a result. Mental health staff made an offer to give him something to "take the edge off" for which JONES promptly declined.

From April 15 to May 4, 2021 JONES was moved to PICC along with a group of other pretrial detainees. They were told by correctional officers that they were being "given a break" from CFCF. While at PICC prison conditions seemed to normalize. Law Library was open and running, education and drug treatment programs were active and recreation time 'out of cell' time was at 4-6 hours per day.

On May 4, 2021 JONES, and other pretrial detainees, was moved back to CFCF under the guise of being on a COVID vaccinated block that would be "wide open". Once at C.FCF again the overly restrictive measures returned almost immediately.

Jones was placed on housing unit C-1-1 in CFCF with block officers Bradley and Milton. Its at this point Jones began tracking recreation time. Although Bradley worked almost every day, during the daytime hours - many days she sat at her desk and let only block workers out. C.O. Milton did the same at night. C.O. Milton could be seen constantly arguing with supervisors because of her refusal to allow inmates out for recreation. (see attached grievances)

With the denial of recreation, Milton consistantly blamed Commissioner Carney for not 'opening the block' or on days when the block opened for an hour in the morning she would use the early morning recreation as justification to refuse to open at night. It became a consistant pattern for officers to open in the morning or night but not both. On many days there was no recreation at all.

The lack of recreation led to massive fighting

on housing areas over phones, tablets and showers. Systems for phone and tablet usage were designed by inmates in order to deny certain inmates access to phones and tablets. The system of 'owning a phone' is encouraged by block officers as a way to maintain control.

As lockdown continued, by July 2021 correctional officers became more aggressive, as evidenced in a July 18, 2021 grievance. By August 4, 2021 Jones was moved to RCF.

At RCF recreation seemed to normalize to 3-6 hours daily. RCF's major challenges for Jones were more COVID related (included in attached grievances).

Officers at RCF openly discussed the challenges with CFCF officers and their anamocity with the commissioner or what they referred to as 'the third floor'. They often times seemed to sympathize with pretrial detainees stating that CFCF officers should not take out their problems on inmates or use inmates as pawns in their gripes against the commissioner.

In January 2022 Jones was moved back to CFCF under the guise of (1) Fixing locks in RCF and (2) creation of a COVID vaccinated block. Once at CFCF restrictions resumed. On housing area D-2-3 and D-2-4 pretrial incarcerees were 1 hour of 'out of cell time' and would go days without any recreation. The volitile conditions resumed with officers openly blaming the commissioner.

Correctional Officer Wanda Curray routinely sprayed pretrial detainees for various reasons as a form of discipline and did not report the incidents. Almost on a daily basis she threatened to spray residents of her unit.

On February 22, 2022 at 7:00PM there was a major incident involving an inmate named "ROME". (see grievance dated 2.22.22). As a result of the incident the block was placed in isolation - no phone calls, no one permitted to leave the block for medication or any other reason. CFCF staff transferred anyone involved in the incident in an obvious attempt to conceal the attempted murder of 'ROME'. Statements were not taken about the event and CFCF does not have a grievance process.

The prison conditions for Jones exist until the filing of this complaint.

## PLAINTIFF - JAMIL SMITH

Jamil Smith was arrested on March 10, 2021 and housed at CFCF until July 29, 2021. He was housed at CFCF on units B-1-4 (quarantine) A-1-1 (pre population) and D-2-3 (general population).

Smith complains that CFCF exercised and continues to exercise an unnecessarily restrictive recreation schedule. Almost immediately after his arrival at CFCF recreation was limited to twice weekly for 30 minutes each time. Smith was prescribed ZOLOF for anxiety and post tramatic stress disorder (PTSD) bipolar disorder and depression. Conditions made worse by 24 hour cell confinement.

Upon arrival to CFCF D-2-3 Smith was placed in a 'Multi-purpose' room - a windowless room typically used for storage. with 3 other detainees. He immediately began filing grievances, citing heightend opportunity for exposure to COVID 19, overcrowding and a lack of cleaning materials. Additionally, Smith complained about a lack of access to the courts and a lack of law library services. The law library had been closed since

March 2020.

Smith, at the time of arrest, had a Permanency Hearing scheduled for March 29, 2021 with North Umberland County Child Protective Services (NCCPS) to determine the custody status of his 8-year old son Eternity. He was fighting to maintain custody of his son while in custody.

In April 2021 Smith had a Permanency Hearing scheduled for his other son, Mercilis, with the Department of Human Services (DHS) that was continued to October 28, 2021.

Smith filed several 'Request to Staff' and grievances so that he could speak to the court in reference to his hearing. The grievance/request went unanswered. Smith also filed grievances and requests for the law library that also went unanswered.

The lack of communication with the courts in reference to his son had a dramatic effect on Smiths mental health and stability as reflected in his sick calls and medical grievances.

Eventually mental health staff called Smith down about his concerns, however, would not offer any advice aside from keeping his mind off of his concerns by focusing on crossword puzzles

On July 29, 2021, Smith was transferred to RCF where he was housed on F-Block. F-Block was on lockdown status with no 'out of cell' time, no commissary access and no access to the courts. Smith's first shower opportunity in RCF wasn't until August 18, 2021.

In September 2021 Smith was granted access to the law library. After 2 weeks of law library, Smith claims his access to the law library

was cut off again. Out of cell time was not being granted.

On November 22, 2021 Smith called NCCPS and was informed that because of their lack of contact with him, Smith lost his parental rights for his son Eternity, who was subsequently placed for adoption.

The custody disposition of his son, Mercilis, is still pending, however, Smith is unable to reach the courts.

RCF, like CFCF, possessed certain correctional officers who intentionally violated the constitutional rights of pretrial detainees. Smith's exposure to racist and inappropriate behavior is evidenced in a grievance dated November 12, 2021. Officers Shinn and Joy consistantly enforced practices and made comments that were intended to demean and provoke pretrial detainees.

Lockdowns continued for F-Block continued through November in large part because Correctional Officer Williams refused to run recreation. While much of RCF seemed to running recreation, C.O. Williams could be seen sitting at her computer, falling asleep. When C.O. Williams did run recreation she often started it late and ended it early. (See grievance)

On her days off C.O. Harris typically worked in her absence. C.O. Harris also refused to run recreation.

On January 7, 2021 Smith was moved back to CFCF D-2-3 Block where he is incarcerated with Jones. As described before, CFCF is on an extremely restrictive recreation schedule. The restrictive schedule and lack of 'out of cell' time led to an incident on February 22, 2022. The incident, Smith says, began over an inmate speaking out about the lack of recreation time and ended with the attempted murder of

18.

a pretrial detainee by correctional officers. Smith believes the officers at CFCF have worked diligently to cover up the incident by cutting off contact to the outside world. and cutting off communication within the prison.

CFCF officers continue a campaign of fear tactics by the liberal use of mace, threats and seclusion of pretrial detainees. Recreation Sheets are given to detainees who are required to sign them or are threatened to be locked in. Rec sheets are oftentimes forged by staff and block workers throughout PDP.

Smith is currently recieving no recreation, no phone calls to family and no access to the courts.

19.

# VI CLAIMS

1. Correctional Officers intentionally abused the constitutional rights of pretrial detainees by intentionally refusing to open cells for 'out of cell' time even though they knew there was a court order instructing them to do so.

2. Correctional Officers intentionally abused the constitutional rights of pretrial detainees by intentionally refusing to open cells for 'out of cell' time knowing the detrimental effects 24 hour prolonged lockdown and isolation has on human psyche, behavior and mental health.

3. Correctional Officers used their connection through their union - LOCAL 159 AFSCME DISTRICT COUNCIL 33 to pursue an adgenda which involved the injury of pretrial detainees to further their cause.

4. Correctional Officers used fear tactics such as the murder, attempted murder and assault of pretrial detainees as a method of control of other pretrial detainees.

5. The CITY OF PHILADELPHIA took little to no steps to ensure the welfare of inmates, specifically KEVIN M JONES and JAMIL SMITH during their periods of incarceration.

7. Commissioner BLANCHE CARNEY is aware of the actions and dangerous conditions within PDP and has taken no actions to secure and ensure the welfare and safety of pretrial detainees, specifically KEVIN M. JONES and JAMIL SMITH.

8. Commissioner BLANCHE CARNEY has not adequately enforced PDP policy in reference to grievance procedures and the communication of concerns of pretrial detainees within PDP.

9. Warden GIONETTA has not adequately supervised PDP staff to ensure a process that would increase 'out of cell' time to an acceptable level.

10. Lieutenant CHEEKS engaged in conduct to deny 'out of cell' time and create an atmosphere of hostility for the purpose of inciting pretrial detainees.

11. Lieutenant CHEEKS intentionally abused the constitutional rights of pretrial detainees by refusing to inforce existing court orders.

12. Lieutenant MURRAY engaged in conduct to deny 'out of cell' time and create an atmosphere of hostility for the purpose of inciting pretrial detainees.

13. Lieutenant MURRAY intentionally abused the constitutional rights of pretrial detainees by refusing to inforce existing court orders.

14. Correctional Officer VESA intentionally kept pretrial detainees locked in although he had an option of opening cells in compliance to already issued court orders.

15. Correctional Officer BRADLEY intentionally kept pretrial detainees, specifically KEVIN M. JONES locked in although she had an option of opening cells in compliance to already issued court orders.

16. Correctional Officer MILTON intentionally kept pretrial detainees. specifically KEVIN M JONES locked in cells although she had an option of opening cells in compliance to already issued court orders.

17. Correctional Officer WILLIAMS intentionally kept pretrial detainees specifically JAMIL SMITH locked in cells although she had an option of opening cells in compliance to already issued court orders

18. Correctional Officer SHINN caused deliberate hardship to plaintiff JAMIL SMITH through the use of racist language and predjudicial practices meant

to enflame and harm.

19. Correctional Officer JOY caused deliberate hardship to plaintiff 'JAMIL SMITH through the use of racist language and predjudicial practices meant to enflame and harm.

20. Correctional Officer HARRIS intentionally kept pretrial detainees, specifically, JAMIL SMITH and KEVIN JONES locked in cells although she had an option of opening cells in compliance to already issued court orders.

21. Correctional Officer CURRY intentionally kept pretrial detainees, specifically, JAMIL SMITH and KEVIN M. JONES locked in cells although she had an option of opening cells in compliance to already issued court orders.

Kevin M. Jones 2.25.22

22

## VII  INJURIES

Plaintiff  KEVIN  JONES  has  sustained  the  following
injuries:

1. On March 12, 2021 a preliminary hearing was
   held in Philadelphia County Municipal Court
   MC-51-CR-0019033-37-2020. Lack of
   preparation due to lack of access to the
   courts, law library and counsel led to
   the inability of JONES to pursue pro se
   status and denial of liberty.

2. Psychological damage has resulted as a
   result of 24 hour a day confinement.

3. Plaintiff has been separated from
   family members and unable to say goodbye
   to 3 uncles that have died in the past
   year.

Plaintiff  JAMIL SMITH  has sustained the following
injuries:

1. Loss of son - Eternity. to adoption.

2. Psychological damage as a result of
   24 hour confinement.

3. Severe unresolved pain as a result of
   non-treatment and the lack of a grievance
   process.

4. Plaintiff has been separated from family members.

## VIII    Relief

Compensatory Damages

$5,000,000

Punitive Damages

2 times compensatory damages

$10,000,000

<u>VERIFICATION</u>

I, Kevin Jones, hereby state that I am the Petitioner herein, and that the facts contained therein are true and correct to the best of my knowledge, information and belief; and that this verification is subject to the penalties of 18 Pa. cons. Stat. 4904 relating to the unsworn falsification to authorities.

Respectfully submitted.

_____          _____
Kevin M. Jones, Plaintiff                2.25.22
                                         Date

I, Jamil Smith, hereby state that I am the Petitioner herein, and that the facts contained therein are true and correct to the best of my knowledge, information and belief; and that this verification is subject to the penalties of 18 Pa. cons. Stat. 4904 relating to the unsworn falsification to authorities.

Respectfully submitted.

_____          _____
Jamil Smith, Plaintiff                   2-25-22
                                         Date

Kevin. M. Jones
(PP# 938114)
Curran - Fromhold Correctional Facility
7901 State Road
Philadelphia, Pennsylvania 19136



U.S.M.S.
X-RAY

Michael E Kunz, Clerk
U.S. District Court, Eastern District
of Pennsylvania
601 Market Street
Philadelphia, Pennsylvania 19106-1797



RECEIVED
MAR - 2 2022

